IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**KELLY D.,** [1]

       Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,**

       Defendant.

_____

Civ. No. 6:19-cv-00553-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Kelly D. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administrations denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. For the reasons below, the Commissioner's decision is AFFIRMED.[2]

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

[2] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1). (Dkt# 10).

Page 1 of 13 – OPINION AND ORDER

**BACKGROUND**

Plaintiff was born April 11, 1960 and was fifty-five years old when she filed for a period of disability and disability insurance benefits. Tr. 36. On September 30, 2015 Plaintiff filed applications for DIB and SSI, alleging disability beginning March 22, 2015. Tr. 13. The applications were initially denied and denied upon reconsideration. Tr. 13. A hearing was requested on June 15, 2016. Tr. 13. On January 23, 2018 a hearing was held before an Administrative Law Judge (ALJ) in Eugene, Oregon. Tr. 13. The ALJ issued a decision finding Plaintiff not disabled. Plaintiff filed a request for review by the Appeals Council on April 11, 2018, which was denied. Tr. 1. Thus, the ALJ's ruling became the final decision of the Commissioner, and Plaintiff now seeks review of that decision.

**DISABILITY ANALYSIS**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

   a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also *Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the five-step analysis, the ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2018. Tr. 15.

2. Plaintiff has not engaged in substantial gainful activity since the alleged onset date of March 22, 2015. Tr. 16.

3. Plaintiff has the following severe impairments: carpal tunnel syndrome (CTS), diabetes mellitus, type II; mild osteoarthritis of the left acromioclavicular (AC) joint; right shoulder tendinitis versus right shoulder impingement; bilateral mild ulnar nerve entrapment; obesity; anxiety; and depression. Tr. 16.

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 16.

5. Plaintiff has the RFC to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except Plaintiff is limited to frequently balancing, stooping, crouching, and kneeling. She can only occasionally crawl. She can never climb ladders, ropes, or scaffolds. She can only occasionally reach overhead bilaterally. She can only frequently handle with both upper extremities, and she can only frequently pedal with both lower extremities. She can sit for up to one hour at a time but then

      needs to stand or walk for one minute before resuming a seated position. She can have no more than frequent interactive in-person contact with the public. Tr. 18-19.

6. Plaintiff is able to perform past relevant work as a customer service representative. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. Tr. 24.

7. Plaintiff has not been under a disability as defined in the Social Security Act, from March 22, 2015, through the date of the ALJ's decision. Tr. 25.

Consequently, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. Tr. 26.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the evidence before the ALJ is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not

affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues:

1. Whether the ALJ properly evaluated Plaintiff's medical evidence.

2. Whether the ALJ's RFC is supported by the record.

The Court finds the ALJ properly evaluated Plaintiff's medical evidence and formulated an RFC that was supported by the record. Therefore, the ALJ's decision is affirmed.

### I.    The ALJ properly evaluated Plaintiff's medical evidence.

In social security cases, there are three sources of medical opinion evidence including those from treating, examining, and non-examining physicians. *Holohan v. Massanari*, 246 F.3d

1195, 1201 (9th Cir. 2001). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* at 1202. Opinions supported by explanations are given more authority than those that are not, as are opinions of specialists directly relating to their specialties. *Id.* "If a treating or examining doctor's opinions is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Bayliss v. Barnhard*, 427 F.3d 1211, 1216 (9th Cir. 2005). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and his findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (1989). When there is conflicting evidence in the record, "it is the ALJ's role to determine credibility and resolve the conflict." *Allen v. Heckler*, 749 F.2d 577, 579 (1984).

> a. **The ALJ properly evaluated the medical opinion of Dr. Kennedy, a state agency evaluator.**

The ALJ properly evaluated the medical opinion of Dr. Kari Kennedy, Psy.D. In February 2016, state agency evaluator, Dr. Kennedy, completed a Mental Residual Functional Capacity Assessment (MRFCA). Tr. 86-88. Based on the MRFCA, Dr. Kennedy determined Plaintiff had moderate limitations maintaining attention and concentration for extended periods, completing a normal workday or workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods, and in her ability to interact appropriately in public. Tr. 87. In addition, Dr. Kennedy noted Plaintiff "may prefer to work in a position that requires minimal interaction with others." Tr. 88. Dr. Kennedy ultimately found Plaintiff capable of performing semi-skilled work. Tr. 88.

The ALJ properly accepted Dr. Kennedy's medical opinion that Plaintiff was capable of semi-skilled work. Plaintiff's medical record, activities of daily living, and work activity were specific and legitimate reasons the ALJ used to support his conclusion. Tr. 24. The only aspect of Dr. Kennedy's evaluation the ALJ rejected was the recommendation of Plaintiff's preferred work environment. Tr. 24.

Dr. Kennedy recommended Plaintiff may prefer to work in a position that requires minimal contact with others. Tr. 88. The ALJ properly discounted Dr. Kennedy's recommendation for three reasons. First, the recommendation by Dr. Kennedy is not a medical opinion.

> [T]he statement that the claimant "preferred" minimal social interaction is a mere recommendation, not an imperative functional limitation. Notably, a claimant's residual functional capacity is the most a claimant can do despite her limitations and does not take into consideration a claimant's personal preferences.

Tr. 24. Second, the ALJ gave specific and legitimate reasons for discounting Plaintiff's preference. The ALJ found that Plaintiff has a moderate limitation interacting with others. Tr. 17. Despite this limitation, the ALJ noted that Plaintiff shops, spends time with others, lives with others, occasionally cares for her grandson, and engages in work activity. Tr. 17. Moreover, Plaintiff's medical records show she has good interactions with providers, is generally described as pleasant, and generally appears comfortable at medical appointments. Tr. 17. Lastly, even if this recommendation was improperly discounted, it was harmless error because the recommendation was accounted for in the formulation of the residual functional capacity (RFC). Tr. 18-19. The RFC states that Plaintiff "can have no more than frequent interactive in-person contact with the public." Tr. 19. Therefore, the ALJ did not error in discounting Dr. Kennedy's recommendation of Plaintiff's preferred work environment.

For the foregoing reasons, the Court finds the ALJ properly evaluated the medical opinion of Dr. Kennedy.

### b. The ALJ gave sufficient reasons for discounting the opinion of Dr. Kearn, a licensed psychologist.

The ALJ gave specific and legitimate reasons for affording no weight to the medical opinion of Dr. David Kearn, MA, LP. In May 2016, Dr. Kearn examined Plaintiff and completed a Mental Medical Source Statement. Tr. 817. Dr. Kearn found Plaintiff had marked limitations in understanding and remembering detailed instructions; carrying out detailed instructions; working in coordination with, or proximity to others without being distracted by them; interacting appropriately with the general public; accepting instructions and responding appropriately to criticism from supervisors; and getting along with coworkers or peers without distracting them or exhibiting behavioral extremes. Tr. 818. Moreover, Dr. Kearn noted Plaintiff had extreme limitations in maintaining attention and concentration for more than two-hour segments; performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances; completing a normal workday and work week without interruptions from psychologically based symptoms, and performing at a consistent pace without an unreasonable number and length of rest periods; responding appropriately to changes in the work setting; and tolerating normal levels of stress. Tr. 818. Ultimately, Dr. Kearn diagnosed Plaintiff with Bi-polar Disorder, moderate depression, and Generalized Anxiety Disorder. Tr. 817. Dr. Kearn also noted Plaintiff requires four unscheduled breaks during an eight-hour workday. Tr. 819.

Dr. Kearn's medical opinion should not be discredited for the subjective nature of the medical opinion alone. The ALJ discounted Dr. Kearn's opinion because "his opinion is based largely (if not entirely) on the claimant's subjective reports. . ." Tr. 23. This was harmless error.

Page 9 of 13 – OPINION AND ORDER

The Ninth Circuit has held that "[T]he rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). However, the Ninth Circuit has also held, "a physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted." *Id.* Therefore, Plaintiff's subjective reports of mental impairments are not dispositive in discounting Dr. Kearn's opinion. Additionally, the ALJ properly discounted Dr. Kearn's opinion based on Plaintiff's activities of daily living, work history, and the medical record.

Dr. Kearn's opinion was inconsistent with Plaintiff's activities of daily living. First, with respect to Plaintiff's ability to understand, remember, and apply information, the ALJ found Plaintiff nevertheless maintains her hygiene, prepares meals, performs chores, attends doctor appointments, takes medications, manages her finances, shops, reads, plays computer games, crochets, knits, and cares for her grandchildren. Tr. 17. Second, concerning Plaintiff's ability to interact with others, Plaintiff is still able to shop in public, spend time with others, live with roommates, care for her grandson, and engage in work activity. Tr. 17. Next, despite her limitations, Plaintiff is able to concentrate, persist, or maintain pace through preparing meals, watching television, reading, playing computer games, handling her own medical care, knitting, crocheting, sewing, managing her finances, gardening, caring for her grandson, and engaging in work activity. Tr. 18. Lastly, with regards to Plaintiff's ability to adapt and manage herself, Plaintiff continues to maintain her hygiene, care for her grandchildren, get along with others, and engage in work activity. Tr. 18. This is further supported by medical records indicating Plaintiff's mental health symptoms improve with adequate treatment and medication. Tr. 18.

Plaintiff's work history is also inconsistent with Dr. Kearn's opinion. Plaintiff's work has progressively involved human interaction, memory, pace, managing, and increased responsibility. Tr. 25. Most recently, from 2014 to the onset date of March 22, 2015, Plaintiff worked in customer service as a manager of a retail store. Tr. 25. *citing* Tr. 374. Here, Plaintiff's job responsibilities included interacting with vendors and employees, recording business from the previous day in record books, setting up merchandise in a timely manner, and making sure employees were organized. Tr. 374. Most notably, Plaintiff was a lead worker that spent fifty percent of the day supervising up to six employees. Tr. 374. These tasks involve more human interaction than the limitations Plaintiff endorses. Therefore, the ALJ properly found Plaintiff's work history to be inconsistent with the limitations in Dr. Kearn's opinion.

The ALJ gave sufficient reasons for discounting the opinion of Dr. Kearn based on inconsistencies with the opinion of Dr. Kennedy. Unlike Dr. Kearn, Dr. Kennedy found Plaintiff had no significant limitations in carrying out short and simple instructions, carrying out detailed instructions, performing instructions within a schedule, sustaining an ordinary routine without special supervision, working in coordination with or in proximity to others, and making simple work-related decision. Tr. 24. *citing* Tr. 86.; Tr. 87. Furthermore, unlike Dr. Kearn, Dr. Kennedy found Plaintiff had no significant limitations in asking simple questions or asking for assistance, accepting instruction and responding appropriately to criticism from supervisors, getting along with coworkers without distracting them or exhibiting behavior extremes, and maintaining socially appropriate behavior and adhering to basic standards of neatness and cleanliness. Tr. 24. *citing* Tr. 87. Thus, Dr. Kearn's opinion was inconsistent with that of Dr. Kennedy.

Additionally, Dr. Kearn's opinion differs from objective medical evidence in the record. Dr. Kearn found Plaintiff to struggle with symptoms of mental health impairments. Tr. 818-819

However, Plaintiff's mental health symptoms have been well managed with proper medication and treatment. Tr. 23.

Here, the ALJ stated:

> Although [Plaintiff] presented with some tearfulness in May 2015 due to losing her job, her symptoms of depression improved with medication In January 2016, her medications were adjusted, and her subsequent treatment records generally show ongoing improvement in mood and anxiety with medication management and counseling.

Tr. 23. The most recent medical opinion that assessed Plaintiff's psychiatric condition, dated March 15, 2017, found that Plaintiff was improving and in full remission of recurrent major depressive disorder while on medication. Tr. 23. *citing* Tr. 983. Moreover, other than Dr. Kearn's opinion, the medical record is void of findings that indicate Plaintiff has marked or extreme limitations with memory, human interaction, or adaptability. Tr. 17, 18. Therefore, the ALJ did not err in finding Dr. Kearn's opinion inconsistent with Plaintiff's medical record.

For these reasons, the Court finds the ALJ provided sufficient reasoning for discounting Dr. Kearn's medical opinion.

**II.     The ALJ formulated an RFC that was supported by the record.**

An individual's residual functional capacity (RFC) is "the most you can still do despite your limitations." 20 CFR 404.1545 (a)(1). The ALJ is "responsible for translating and incorporating medical findings into a succinct" residual functioning capacity. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Assessment of an RFC is based on all of the relevant medical and other evidence. 20 CFR 404.1545 (a)(3). However, an ALJ does not err by declining to include physician recommendations as opposed to imperatives, when formulating an RFC. *Jacob v. Berryhill*, 756 Fed. Appx. 709, 713 (9th Cir. 2018). Therefore, the residual

functioning capacity properly includes only limitations the record supports. *Bayliss*, 427 F.3d at 1217.

### a. The ALJ properly evaluated Dr. Kennedy's and Dr. Kearn's medical opinion in formulating the RFC.

Plaintiff challenges the RFC because it does not reflect the severity of social limitation in Dr. Kennedy's or Dr. Kearn's opinions. However, as explained above, the ALJ properly evaluated Dr. Kennedy's and Dr. Kearn's opinions. The ALJ accepted Dr. Kennedy's opinion that Plaintiff was capable of semi-skilled work, and the ALJ properly discounted Dr. Kearn's opinion. The RFC reflects these evaluations by finding Plaintiff "can have no more than frequent in-person contact with the public." Tr. 19. While "frequent interactive in-person contact with the public" is not the greatest degree of limitation, it reflects Plaintiff's capabilities based on her activities of daily living, work history, and medical record. Tr. 18-25. Furthermore, "frequent," as defined by the Social Security Administration, does not mean continuous and therefore is a degree of limitation. Thus, the RFC properly accounts for the opinions of Dr. Kennedy and Dr. Kearn, and the RFC is supported by the record.

## ORDER

Based on the foregoing reasons, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED this 17th day of July 2020.

/s/ Mark D. Clarke
MARK D. CLARKE
United States Magistrate Judge